

**FILED**

**February 20, 2019**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 8:50 A.M. EASTERN



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **DAVID LEATHERWOOD,** | ) | **Docket No. 2017-03-0758** |
| **Employee,** | ) | |
| **v.** | ) | |
| **MAYFIELD DAIRY FARMS, LLC,** | ) | |
| **Employer,** | ) | **State File No. 30692-2017** |
| **And** | ) | |
| **LIBERTY MUTUAL INSURANCE** | ) | |
| **COMPANY,** | ) | |
| **Carrier.** | ) | **Judge Pamela B. Johnson** |

---

## COMPENSATION ORDER AWARDING ATTORNEY'S FEES AND COSTS

---

This matter came before the Court on January 17, 2019, on David Leatherwood's Request for Attorney Fees. For the reasons below, this Court awards Mr. Leatherwood fees in the amount of $29,416.00 and costs of $2,071.30.

### History of Claim
*Procedural History*

The parties previously appeared before the Court for a Compensation Hearing.[1] The sole issue was whether Mayfield Dairy Farms, LLC was liable for unauthorized medical expenses and, if so, for Mr. Leatherwood's attorney's fees and expenses. Afterward, the Court held that Mr. Leatherwood established by a preponderance of the evidence that Mayfield was liable for the requested medical expenses but reserved the attorney's fees issue.

Mr. Leatherwood sustained an injury on April 21, 2017, arising primarily out of and in the course and scope of his employment with Mayfield. On that date, he fell while stocking product, striking his back on a plastic crate and cutting his head. Mayfield sent

---

[1] The findings of fact and conclusions of law in the Compensation Order entered December 17, 2018, are incorporated by reference as if set forth entirely.

1

him to Dr. Audrey Smith at American Family Clinic (AFC) for authorized treatment but did not provide a proper panel. On April 24, Dr. Smith released Mr. Leatherwood without restrictions, and he returned to work for a period of time.

On May 2, eleven days after the injury, Mr. Leatherwood sought emergency care at Parkwest Medical Center (PMC) for ongoing complaints. He provided a history that he fell and struck his right forehead, right ribs, and mid-back. He also stated he briefly lost consciousness when he fell and suffered confusion since the fall. The intake sheet noted admitting diagnoses of chest pain and shortness of breath. After an examination and numerous diagnostic tests, the physician diagnosed back contusion and concussion injury from the fall. Mr. Leatherwood incurred charges totaling $9,341.92 for this visit that Mayfield refused to pay as unauthorized and unrelated to the April 21 incident.

Due to Mayfield's refusal to pay his hospital bills, Mr. Leatherwood filed a Petition for Benefit Determination and later a Request for Expedited Hearing seeking a decision on the record. After reviewing the record at that time, the Court found that the written materials were devoid of an expert opinion causally relating Mr. Leatherwood's symptoms and complaints at PMC to his work injury. Likewise, at that time, the record was silent as to the reasonableness and necessity of the PMC care, and Mr. Leatherwood's explanation for seeking treatment was insufficient. Therefore, the Court held that Mr. Leatherwood failed to demonstrate he was likely to prevail at a hearing on the merits in proving entitlement to past medical expenses at that time.

The claim proceeded to a Compensation Hearing, where the parties introduced the testimony of Mr. Leatherwood, his supervisor Shawn McGuire, treating physician Dr. Smith, and evaluating physician Dr. William Kennedy. The Court took the matter under advisement and entered a Compensation Order.

In the Compensation Order, the Court first addressed whether Mr. Leatherwood demonstrated by a preponderance of the evidence that he consulted with Mayfield before seeking emergency care or otherwise proved a justification for seeking unauthorized care. Finding Mr. Leatherwood credible, the Court held that he established that he consulted Mayfield before seeking unauthorized care. The Court further held that Mr. Leatherwood's decision to seek emergency care was justified considering the severity of the symptoms he experienced on May 2.

The Court next addressed whether his emergency care was reasonable, necessary, and related to the work injury. Weighing the conflicting expert testimony and the expert's qualifications, the Court found Dr. Kennedy's testimony more persuasive than Dr. Smith's and concluded that Mr. Leatherwood demonstrated the care at PMC was reasonable, necessary, and related to his work injury. Therefore, the Court held Mayfield liable for the charges.

*Mr. Leatherwood's Request for Attorney's Fees*

Mr. Leatherwood asked the Court to award fees and expenses under Tennessee Code Annotated section 50-6-226(d)(1)(B). His counsel, Attorney Joshua Bond, began representing Mr. Leatherwood on June 12, 2017, and they entered into a written contract.[2] Since that time, Attorney Bond spent 47.3 hours at a partner hourly rate of $325 representing Mr. Leatherwood. Attorney Mabern Wall worked for 48.7 hours at an hourly associate rate of $250, and several senior paralegals dedicated 34.3 hours at an hourly rate of $120. Further, Mr. Leatherwood incurred $3,035.79 in expenses, which the law firm advanced.[3] Mr. Leatherwood's fees and expenses totaled $33,561.79, which Attorney Bond contended were reasonable and necessary.

In support of his fee request, Mr. Leatherwood submitted the affidavit of Attorney Brad Burnette, who reviewed the Attorney Bond's affidavits and the detailed billing records. He then determined, "within a reasonable degree of professional certainty, that the time dedicated by Joshua J. Bond, Mabern A. Wall, and [the senior] paralegals was reasonable, necessary and within the common and customary practice of competent attorneys practicing in the field of workers' compensation." Attorney Burnette further stated that, "within a reasonable degree of professional certainty, that the billing rates outlined in Mr. Bond's Affidavit are more than reasonable and are consisten[t] with Supreme Court Rules regarding legal fees." Attorney Burnette additionally noted that the rates proposed by Attorneys Bond and Wall and the senior paralegals were reasonable and customary in contingency cases or even well below the rates customarily charged for similar services. Mayfield offered no affidavits in opposition to Mr. Burnette's.

Mr. Leatherwood asserted that his attorney's fees are recoverable under either version of Tennessee Code Annotated section 50-6-226(d)(1)(B). He argued Mayfield failed to provide a physician panel and denied his request for emergency care for potentially life-threatening conditions including a pneumothorax and subdural hematoma. Therefore, Mayfield was responsible for payment of his emergency care but denied his request to pay. He further argued that Mayfield's actions and/or failures to act were both "wrongful" and "incorrect," entitling him to fees under either version of section 50-6-226(d)(1)(B). In addition, he claimed he is entitled to reasonable costs, including but not limited to court reporter expenses and expert witnesses fees.

Mayfield opposed Mr. Leatherwood's attorney fee request under section 50-6-226(d)(1)(B) and argued his recovery is limited to fees under section 50-6-226(a), or twenty percent of his recovery or award. It additionally challenged recovery under 50-6-

---

[2] The contract provided in part that Mr. Leatherwood's attorneys "shall be paid any hourly fee approved by the Court for disputed medical treatment/expenses."

[3] During the hearing, Attorney Bond conceded that he could not recover costs for copies of medical records or travel.

226(d)(1)(b), arguing its refusal to pay for unauthorized medical expenses was not "wrongful." Further, it asserted that Mr. Leatherwood's fees and costs are unreasonable and excessive.

## Analysis
### *Attorney's Fees*

The Workers' Compensation Law provides an injured employee two methods for the recovery of attorney's fees and costs. Section 50-6-226(a) allows an injured employee's attorney to recover a contingency fee when the injured employee is awarded benefits. It provides in part:

> [N]o attorney's fees to be charged employees shall be in excess of twenty percent (20%) of the amount of the recovery or award to be paid by the party employing the attorney . . . All attorney's fees for attorneys representing employers shall be subject to review for reasonableness of the fee and shall be subject to approval by a workers' compensation judge when the fee exceeds ten thousand dollars ($10,000).[4]

The phrase "recovery or reward" includes contested medical expenses, but it does not include medical expenses voluntarily paid by an employer. *Bowlin v. Servall, LLC*, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *13-14 (Feb. 8, 2018).

Here, following the Compensation Hearing, the Court held Mr. Leatherwood demonstrated by a preponderance of the evidence that the PMC emergency care was reasonable, necessary, and related to his work injury. Thus, the Court held Mayfield was liable for the charges totaling $9,341.92. However, Mr. Leatherwood did not seek temporary or permanent disability benefits. As a result, there is no award from which to award his attorney a twenty-percent contingency fee under section 50-6-226(a). Whether Mr. Leatherwood's attorney reached a fee arrangement with PMC concerning his efforts to secure payment of its unpaid expenses is unknown, as PMC and its collection agency are not parties. Regardless, the Court holds Mr. Leatherwood is entitled to recover a twenty-percent fee under section 50-6-226(a) and awards him $1,868.38 in attorney fees. *See Holbert v. JBM, Inc.*, No. E2017-00324-SC-R3-WC, 2017 Tenn. LEXIS 709, at *20 (Tenn. Workers' Comp. Panel Nov. 1, 2017); *see also Wilkes v. Resource Auth.*, 932 S.W.2d 459, 464 (Tenn. 1996).

In addition to the attorney's fees recoverable under section 50-6-226(a), the General Assembly amended the Workers' Compensation Law in 2016 to authorize trial courts, in certain circumstances to award attorneys' fees and costs under section 50-6-

---

[4] Mayfield has not submitted its attorney's fees and costs for approval. Thus, the Court does not know whether its fees and costs exceed $10,000.

226(d)(1)(B) when an employer wrongfully denies benefits or fails to timely provide benefits.

> The 2016 version of section 50-6-226(d)(1)(B) provided in part:
>
> [T]he court of workers' compensation claims may award reasonable attorneys' fees and reasonable costs, including reasonable and necessary court reporter expenses and expert witness fees, for depositions and trials incurred when the employer:
>
> . . . .
>
> *Wrongfully denies a claim by filing a timely notice of denial, or fails to timely initiate any of the benefits* to which the employee is entitled under this chapter, including medical benefits under § 50-6-204 or temporary or permanent disability benefits under § 50-6-207, if the workers' compensation judge makes a finding that such benefits were owed at an expedited hearing or compensation hearing.

(Emphasis added). The 2016 amendment to subdivision (d)(1)(B) applied to injuries occurring on or after July 1, 2016. In *Thompson v. Comcast Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *26 (Jan. 30, 2018), the Workers' Compensation Appeals Board determined that the word "wrongfully" as used in the statute above applied only to the denial of a claim but not to the failure to timely initiate benefits.

In 2018, the Generally Assembly revised section 50-6-226(d)(1)(B), which now reads as follows:

> In addition to attorneys' fees provided for in this section, the court of workers' compensation claims may award reasonable attorneys' fees and reasonable costs, including, but not limited to, reasonable and necessary court reporter expenses and expert witness fees for depositions and trials, incurred when the employer:
>
> . . . .
>
> *Wrongfully denies a claim or wrongfully fails to timely initiate any of the benefits* to which the employee or dependent is entitled under this chapter, including medical benefits under § 50-6-204, temporary or permanent disability benefits under § 50-6-207, or death benefits under § 50-6-210 if the workers' compensation judge makes a finding that the benefits were owed at an expedited hearing or compensation hearing. *For purposes of this subdivision (d)(1)(B), "wrongfully" means erroneous, incorrect, or otherwise inconsistent with the law or facts.*

(Emphasis added).

5

In *Andrews v. Yates Services, LLC*, 2018 TN Wrk. Comp. App. Bd. LEXIS 22, at *8-9 (May 8, 2018), the Appeals Board noted that the recently-enacted amendment applied only to injuries occurring on or after April 18, 2018. *See also* Pub. Ch. 757, H.B. 2304/S.B. 2475, 110th General Assembly (Tenn. Apr. 18, 2018).

While the 2018 version is not applicable to the present case – Mr. Leatherwood's injury date is April 21, 2017 – the 2018 version is informative. In *Yates*, the Appeals Board found the 2018 version instructive when determining the definition of "wrongfully denies" as used in the 2016 version of section 50-6-226(d)(1)(B). *Id.* at *9 ("While this recently enacted amendment applies only to work injuries occurring on or after April 18, 2018, we look to the new statute as persuasive authority in evincing the General Assembly's original intent."). The Appeals Board concluded that the phrase "wrongfully denies" in 50-6-226(d)(1)(B) (2016) requires a finding that an employer's denial was erroneous, incorrect, or otherwise inconsistent with the law or facts to support a claim for reasonable attorneys' fees and expenses. *Id.* at *10. The Appeals Board instructed trial courts to consider the facts and circumstances to assess whether an employer's decision to deny a claim was incorrect, erroneous, or otherwise inconsistent with the law or facts *at the time the decision was made. Id.* at *13. (Emphasis added).

Here, using the 2016 version of section 50-6-226(d)(1)(B), the Court must determine whether, at the time the decision was made, Mayfield "wrongfully denie[d] a claim by filing a timely notice of denial, or fail[ed] to timely initiate any of the benefits to which [Mr. Leatherwood] is entitled under this chapter, including medical benefits under § 50-6-204." Since Mayfield did not file a Notice of Denial and, in fact, provided certain medical benefits, then the first part of section 50-6-226(d)(1)(B) is not applicable.

The Court is left with determining whether, at the time the decision was made, Mayfield failed to timely initiate any of the benefits to which Mr. Leatherwood is entitled, including medical benefits under section 50-6-204. The Court considers the information available to Mayfield at the time it refused to pay the PMC charges.

Mr. Leatherwood argued that Mayfield's failure to provide a proper panel and its refusal to pay the emergency room bill entitles him to fees under section 50-6-226(d)(1)(B). Mayfield argued its actions were not wrongful, so Mr. Leatherwood may not recover fees under section 50-6-226(d)(b)(1). It focused primarily on Mr. Leatherwood's failure to introduce sufficient proof at the Expedited Hearing. However, Mayfield's focus is misplaced. While the Court held Mr. Leatherwood's prior evidence at the Expedited Hearing was insufficient to award benefits at that stage of the litigation, the Court concluded at the later Compensation Hearing that he satisfied his burden and awarded benefits.

At the Compensation Hearing, Mr. Leatherwood offered evidenced that Mayfield failed to initiate benefits because it did not provide a proper panel from which to select an

6

authorized treating physician. He testified that he did not receive a panel but was told instead to go to AFC following his work injury. Mayfield offered no testimony to refute Mr. Leatherwood's testimony but introduced an unsigned, undated panel that did not list Mr. Leatherwood's name, injury date, contact information, or Dr. Smith or AFC as providers.

Mr. Leatherwood also consistently testified by affidavit, deposition, and at the hearing that he informed his supervisor on May 2 that he experienced difficulty focusing and driving, and increased pain in his side. When his supervisor asked him to come to Mayfield and then go to AFC, Mr. Leatherwood explained that he was worried and believed it wiser to seek emergency care at the closer PMC than at AFC. The supervisor denied speaking with Mr. Leatherwood about his condition on May 2 but admitted to receiving his voicemail. More importantly, the supervisor acknowledged Mayfield's policy would not allow an employee to operate a vehicle while on the clock if that employee were experiencing symptoms similar to those reported by Mr. Leatherwood. The Court concluded that Mr. Leatherwood demonstrated by a preponderance of the evidence that he consulted with Mayfield before seeking emergency care and further concluded that Mr. Leatherwood's decision to seek emergency care was justified considering the severity of the symptoms.

Additionally, the PMC records reflected that Mr. Leatherwood reported he fell and struck his forehead, ribs, and mid-back and suffered confusion since the fall. The intake sheet noted an admitting diagnosis of chest pain and shortness of breath related to his employment. After an examination and numerous diagnostic tests, a physician diagnosed back contusion and concussion injury from the fall. The Court further ultimately concluded that Mr. Leatherwood demonstrated by a preponderance of the evidence that the PMC care was reasonable, necessary, and related to his work injury.

The Court acknowledges that this case is close on this issue. Mayfield did provide Mr. Leatherwood with certain medical benefits including authorized treatment with AFC and Dr. Smith. However, Mayfield failed to provide Mr. Leatherwood with a proper panel and failed to pay the emergency room bills. Looking to the information available to Mayfield at the time, the Court finds support for an award of reasonable attorney's fees and costs.

Section 50-6-226(d)(1)(b) specifically provides the trial court with discretion to award fees when an employer fails to initiate any of the benefits to which the employee is entitled, including medical benefits, and the trial court finds that such benefits were owed at an Expedited Hearing or a Compensation Hearing. A finding of "wrongful" is not required, as noted above.

At the time the decision was made, Mayfield had an obligation to provide Mr. Leatherwood a panel but elected to send him to AFC. The Court holds Mayfield's failure

7

to provide a panel was a failure to initiate benefits to which Mr. Leatherwood was entitled under section 50-6-204 at the time the decision was made.

Additionally, the Court holds that Mayfield's failure to pay the PMC charges was a failure to initiate benefits to which Mr. Leatherwood was entitled under section 50-6-204. At the time it refused to pay the PMC charges, Mayfield had the PMC records and Mr. Leatherwood's recorded statement, which sufficiently demonstrated that Mr. Leatherwood was justified in seeking emergency care and his care was related to the work injury. The Court therefore concludes that Mr. Leatherwood demonstrated by a preponderance of the evidence that he is entitled to reasonable fees and expenses under section 50-6-226(d)(1)(b) for Mayfield's failure to initiate benefits to which Mr. Leatherwood was entitled to under the Workers' Compensation Law.

To determine whether Mr. Leatherwood's attorney's fees are reasonable, the Court must consider the factors in Tennessee Supreme Court Rules 8, Rules of Professional Conduct 1.5(a):

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent;
(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
(10) Whether the fee agreement is in writing.

In support of his fee petition, Mr. Leatherwood's attorney attested that the time, labor, and skill required to prepare and try this matter is supported by the detailed time entries. Further, he and his staff are experienced in workers' compensation and have an outstanding reputation in the community for performing legal services well and at reasonable rates. Specifically, he and his law office expended 130.3 professional hours over a period of eighteen months on Mr. Leatherwood's claim. He further asserted that two attorneys preparing for and attending the hearing was necessitated by Mayfield listing eleven potential trial witnesses and seventeen possible exhibits.

Attorney Burnette's affidavit provides that the requested fee is at or below the fee customarily charged in the locality for similar legal services in similar situations.

8

Attorney Burnette's affidavit additionally states that the time dedicated by Mr. Leatherwood's attorneys and his law office was reasonable, necessary, and within the common and customary practice of competent attorneys practicing in workers' compensation.

Additionally, Mr. Leatherwood's attorney argued that, while his recovery was less than awarded in some cases, the claim was important and valuable to him, given that his credit was affected by Mayfield's nonpayment of his medical expenses.

With regard to the remaining factors, Mr. Leatherwood and his attorney entered into a contract based on a contingency fee plus an hourly fee approved by the Court for disputed medical treatment and expenses.

Mayfield contested Mr. Leatherwood's recovery of fees and costs associated with his unsuccessful Expedited Hearing. Other than argument by its counsel, Mayfield offered no countervailing evidence to support its contention that Mr. Leatherwood's fees were otherwise excessive or unreasonable under the Rules of Professional Conduct 1.5(a).

Thus, considering the affidavits of Attorneys Bond and Burnette and the detailed fee entries and the claim as a whole, the Court concludes Mr. Leatherwood demonstrated by a preponderance of the evidence that his attorney's fees are reasonable. However, the Court agrees with Mayfield that fees associated with the Expedited Hearing should be excluded. Accordingly, the Court awards Mr. Leatherwood fees of $30,838 less $1,422 for fees from the unsuccessful Expedited Hearing, for an award of $29,416.00 under section 50-6-226(d)(1)(B).

Although the statute plainly states the award of fees under section 50-6-226(d)(1)(B) is "*in addition to*" the award of fees recoverable under section 50-6-226(a), the Court uses its discretion and awards Mayfield a credit of $1,868.38 for the fees owed under section 50-6-226(a) against Mr. Leatherwood's recovery under section 226(d)(1)(B). Thus, Mr. Leatherwood shall receive fees totaling $29,416.00 under sections 50-6-226(a) and 226(d)(1)(B).

*Discretionary Costs*

In addition to fees, the Workers' Compensation Law and the Tennessee Rules of Civil Procedure allow for the recovery of certain discretionary costs. Tennessee Code Annotated sections 50-6-239(c)(8) and 50-6-226(d)(1)(B) authorize the Court, in its discretion, to award reasonable costs, including reasonable and necessary court reporter expenses and expert witness fees, for depositions and trial. Similarly, Tennessee Rule of Civil Procedure 54.04 allows the Court to award reasonable and necessary court reporter expenses for depositions or trial, reasonable and necessary expert witness fees for

9

deposition (or stipulated reports) and trials. However, not all costs are allowable discretionary costs. Travel expenses are not allowable discretionary costs under Rule 54.04. Likewise, in *Garassino v. Western Express, Inc.*, No. M2016-02431-SC-R3-WC, 2018 Tenn. LEXIS 60, at *8-9 (Tenn. Workers' Comp. Panel Feb. 8, 2018), the Panel held that allowable discretionary costs do not include the fees of preparation time spent on a medical examination or records review. Additionally, costs for copies, postage, and other investigation and discovery expenses are not allowable as such expenses are not enumerated under Rule 54.04 or sections 50-6-239(c)(8) or 50-6-226(d)(1)(B). *Id.*

Applying these parameters to this case, the Court holds that Mr. Leatherwood demonstrated by a preponderance of the evidence that he is entitled to recover reasonable and necessary court reporter expenses for depositions and trial and reasonable and necessary expert witness fees for deposition and trial. Thus, the Court awards Mr. Leatherwood discretionary costs of $2,071.30.

**IT IS, THEREFORE, ORDERED** as follows:

1.  Mayfield shall pay Mr. Leatherwood attorney's fees of $29,416.00 and costs of $2,071.30.

2.  Mayfield shall prepare and file with the Court Clerk a statistical data form within ten business days of the date of entry of this order.

3.  The filing fee of $150.00 is taxed to Mayfield under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (May, 2018) to be paid to the Court Clerk within ten business days of entry of this order.

4.  Absent an appeal by either party to the Workers' Compensation Appeals Board, this Compensation Order Granting Attorney Fees and the Compensation Order Granting Medical Benefits entered December 17, 2018 shall become final after thirty days under Tennessee Code Annotated section 50-6-239(c)(7).

**ENTERED February 20, 2019.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

In addition to the Evidence and Technical Record identified in the Court's December 17, 2018 Compensation Order and the arguments of counsel, the Court reviewed and considered the following:

1. Joshua J. Bond's Affidavit of Attorney's Fees and Costs
2. Employer's Response to Affidavit of Attorneys' Fees
3. Employee's Reply to Employer's Objection to Employee's Fee Application
4. Employee's Notice of Filing Supplemental Affidavit of Joshua J. Bond, Contract, Detailed Time Entries, and Affidavit of Brad C. Burnette
5. Employee's Additional Brief on Employee's Attorneys' Fee Application
6. Employer's Response to Request for Attorneys' Fees
7. Employee's Notice of Filing Additional Materials in support of Employee's Request for Attorneys' Fees and Expenses

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the Compensation Order Awarding Attorneys' Fees and Costs was sent to the following recipients by the following methods of service on February 20, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Joshua Bond<br>Employee's Attorney | | | X | jbond@hdclaw.com |
| Laurenn S. Disspayne,<br>Employer's Attorney | | | X | ldisspayne@manierherod.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

11



## COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

### Notice

Notice is given that _____
       [List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.
  [List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.


[Signature of appellant or attorney for appellant]                _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



<u>Compensation Hearing Order Right to Appeal:</u>

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries        $ _____ per month     Telephone      $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water            $ _____ per month     Clothing       $ _____ per month

Gas              $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support  $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____      (FMV) _____

Other                 $ _____      Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____          _____

_____          _____

_____          _____

_____          _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____